UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA,<br><br>                           Plaintiff,<br><br>v.<br><br>JEROME BRUNSON (1),<br><br>                           Defendant. | Case No.: 3:21-CR-2909-BAS<br><br>**ORDER DENYING DEFENDANT'S MOTION TO: 1) RECONSIDER DETENTION ORDER; AND 2) SET CONDITIONS OF RELEASE**<br><br>**[ECF No. 279]** |
|---|---|

 Before the Court is Defendant's Motion to: 1) Reconsider Detention Order; and 2) Set Conditions of Release. ECF No. 279. At Defendant Jerome Brunson's ("Defendant") initial appearance on May 23, 2022, the Government moved to detain him based on serious risk of flight and danger to the community. ECF No. 136. After a hearing on May 26, 2022, the Court granted the Government's motion. ECF No. 138. The Court found by a preponderance of the evidence that no condition or combination of conditions of release will reasonably assure Defendant's appearance, and by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community. *Id.* The Court found the following factors supported an order of detention: the nature and circumstances of the offense; Defendant is subject to a lengthy period of incarceration if convicted; Defendant has a history of violence or use of weapons; Defendant's criminal history; Defendant's violations of

probation, parole, or supervised release; Defendant's gang affiliation; and the weight of the evidence (although the least important factor). *Id.*

Defendant now seeks reconsideration of the Court's detention order, and requests that the Court set pretrial release conditions including a personal appearance bond in the amount of $25,000 secured by the signatures of two financially responsible adults and a $2,500 cash deposit. Defendant argues that conditions of pretrial release should be set based on additional information provided in the Motion regarding his history and characteristics and his criminal history.

With respect to his history and characteristics, Defendant submitted a "social biography packet" compiled by Uprise Theatre and several letters from family members and friends.[1] The packet includes a release plan stating that if pretrial release is granted, Defendant could reside with his aunt and work for San Diego Hip Hop 5k, a nonprofit organization. Defendant acknowledged a substance abuse issue and is willing to participate in drug testing and counseling. With respect to his criminal history, Defendant provided additional information regarding his felony conviction in 2017, where he pleaded guilty in state court to a violation of Cal. Penal Code § 245(a)(4). Section 245(a)(4) applies to "[a]ny person who commits an assault upon the person of another by any means of force likely to produce great bodily injury." Defendant contends that this conviction does not support the Court's initial finding that he has a history of violence or use of weapons, because he agreed to the plea pursuant to *People v. West*, 3 Cal. 3d 595 (1970), as a lesser charge to avoid a

---

[1] The Court finds that this matter is suitable for determination without a hearing. *United States v. Dodd*, No. 20-cr-0016, 2020 WL 1547419, at *1 (D. Minn. Apr. 1, 2020); *United States v. Martin*, No. PWG-19-140-13, 2020 WL 1274857 (D. Md. Mar. 17, 2020) (no requirement to hold a hearing on request for reconsideration of order of detention). Several family members and friends came to Court on September 7, 2023, to support Defendant, because they believed mistakenly that a hearing had been scheduled that day on this Motion. Although the Court did not set or hold a hearing, the Court recognizes and appreciates their willingness to be present in Court to support the Defendant.

custodial sentence.

The Government opposes the motion. The Government argues that Defendant has not presented any new facts that warrant reconsideration of detention. With respect to Defendant's history and characteristics, the Government provided additional information to corroborate Defendant's affiliation with a Lincoln Park street gang ("LPK") and Defendant's possession of jewelry that matches the jewelry stolen in the robbery alleged in the pending Indictment. The Government points out that regardless of Defendant's explanation for his 2017 guilty plea, it is an admission that he aided and abetted a violent assault on another person, and it does not negate the Court's prior finding of a history of violence or use of weapons.

The Government has charged Defendant with violating, among other statutes, 18 U.S.C. § 924(c). Section 924(c) applies to "any person who, during and in relation to any crime of violence of drug trafficking crime … uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, … ." Under the Bail Reform Act, "[s]ubject to rebuttal by the person, it shall presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community" when a person is charged with an offense under section 924(c). 18 U.S.C. § 3142(e)(3)(B). Thus, the Court begins with a presumption that Defendant should be detained.

The Court is not persuaded that the additional information provided by Defendant rebuts the presumption of detention. Although the Court recognizes and appreciates the willingness of Defendant's friends and family to support him during the pretrial process, the Court does not find it sufficient to overcome the presumption. The Court reviewed carefully the additional information provided regarding Defendant's 2017 guilty plea under *People v. West*. This additional information, however, confirms the Court's finding at his initial detention hearing that he has a history of violence. Even if a plea is made under *People v. West*, it is an admission to the elements of the charge to which he pled guilty: assault by means of force likely to produce great bodily injury. *See West*, 3 Cal. 3d at 612

("A defendant who knowingly and voluntarily pleads guilty or nolo contendere … demonstrates that he not only knows of the violation but is also prepared to admit each of its elements."). Defendant does not address the allegations regarding his gang affiliation or probation violations in the Motion. These are additional factors that the Court relied on initially, and that continue to support detention.

Therefore, the Court **DENIES** Defendant's Motion to: 1) Reconsider Detention Order; and 2) Set Conditions of Release.

**IT IS SO ORDERED.**

Dated: September 7, 2023

_____
Honorable Allison H. Goddard
United States Magistrate Judge