|   |   |
|---|---|
| UNITED STATES DISTRICT COURT | |
| SOUTHERN DISTRICT OF CALIFORNIA | |

UNITED STATES OF AMERICA,

Plaintiff,

v.

JEROME BRUNSON (1),

Defendant.

Case No. 21cr2909-BAS

ORDER OF CRIMINAL FORFEITURE

WHEREAS, in the Indictment, the United States sought forfeiture of all properties seized in connection with the case which belong to or where in the possession of Defendant JERMOME BRUNSON ("Defendant"), including any interest Defendant acquired or maintained in violation of Title 18, United States Code, Section 1962, any interest in, security of, claim against, and property or contractual right to any kind of influence over any enterprise the defendant established, operated, controlled, conducted, or participated in the conduct of in violation of Title 18 U.S.C. § 1962, and any property constituting or derived from any proceeds the defendant obtained directly or indirectly, as a result of the offense alleged in Count 1 pursuant to Title 18, United States Code, Section 1963; and

WHEREAS, on or about February 1, 2024, Defendant pled guilty before Magistrate Judge Allison H. Goddard to Count 1 of the Indictment which included consent to the forfeiture allegations of the Indictment and an agreement of forfeiture

of all of all properties seized in connection with the case, including but not limited to an entry of a forfeiture money judgment in the amount of $50,000.00, representing the amount of proceeds Defendant personally obtained from the offense charged in Count, which forfeiture shall be included and incorporated as part of the judgment in this case, and the following specific properties which Defendant agrees are forfeitable to the United States pursuant to Title 18, United States Code, Sections 1963 and 924(d), and Title 28, United States Code, Sections 2461(c):

(1) Any interest Defendant acquired or maintained from the offense in Count 1 of the Indictment;

(2) Any interest in, security of, claim against, and property or contractual right to any kind of influence over any enterprise the defendant established, operated, controlled, conducted, or participated in the conduct of in violation of Title 18, United States Code, Section 1962; and

   a. One (1) Glock, model 27, .40 caliber, SN: BBGG329 with Stream Light TLR-6 and a fifteen round Glock magazine;

   b. Fifteen (15) rounds of ammunition;

   c. Two (2) gold-colored necklaces;

   d. Two (2) gold-colored chains;

   e. One (1) pair of diamond-style earrings;

   f. Two (2) diamond-style rings; and

WHEREAS, on February 15, 2024, this Court accepted the guilty plea of Defendant; and

WHEREAS, by virtue of the admissions of the Defendant set out in the plea agreement and financial addendum, the Court hereby finds that $50,000.00 represents the amount of proceeds Defendant personally obtained from the racketeering activity and Hobbs Act robbery offenses, which Defendant personally received directly as a result of the offense set forth in Count 1 of the Indictment pursuant to Title 18, United States Code, Sections 1963; and

WHEREAS, by virtue of said guilty plea, the United States is now entitled to possession of the above-referenced properties pursuant to Title 18, United States Code,

1  Sections 1963 and 924(d), Title 28, United States Code, Section 2461(c), and Rule
2  32.2(b) of the Federal Rules of Criminal Procedure; and

3      WHEREAS, by virtue of the facts set forth in the plea agreement and financial
4  addendum, the Court finds that the United States has established the requisite nexus
5  between the forfeited properties and the offense set forth in Count 1 to which Defendant
6  has pled guilty; and,

7      WHEREAS, the Defendant has agreed that the provisions for the substitution of
8  assets as provided in 21 U.S.C. § 853(p) exist and has agreed the United States may
9  take actions to collect the forfeiture money judgment; and

10      WHEREAS, pursuant to Rule 32.2(b), the United States having requested the
11  authority to take custody of the above-referenced properties which are hereby found
12  forfeitable by the Court; and

13      WHEREAS, the United States, having submitted the Order herein to the
14  Defendant through his attorney of record, to review, and no objections having been
15  received;

16      Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

17      1.    Based on the guilty plea of the Defendant to Count 1 of the Indictment,
18  the United States is entitled to a forfeiture money judgment against Defendant in the
19  amount of $50,000.00 pursuant to Title 18, United States Code, Section 1963
20  representing the proceeds Defendant personally obtained from the offenses of
21  conviction, which forfeiture money judgment is in favor of the United States against
22  Defendant JEROME BRUNSON, with interest to accrue thereon in accordance with
23  18 U.S.C. § 3612(f) and 28 U.S.C. § 1961; and

24      2.    This Court shall retain jurisdiction in the case for the purpose of enforcing
25  the order of forfeiture money judgment and collecting and enforcing it; and

26      3.    Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall be made final
27  as to the Defendant at the time of sentencing and is part of the sentence and included
28  in the judgment; and

4. Pursuant to Rule 32.2(b)(3) the United States may, at any time, conduct discovery to identify, locate, or dispose of directly forfeitable assets and substitute assets against which this Order of Forfeiture may be enforced; and

5. The United States may, at any time, move pursuant to Rule 32.2(e) to amend this Order of Forfeiture to substitute property having a value not to exceed $50,000.00 to satisfy the forfeiture money judgment in whole or in part; and

6. The United States may take any and all actions available to it to collect and enforce the forfeiture money judgment.

7. Based on the guilty plea of Defendant to Count 1 of the Indictment, all right, title, and interest of Defendant JEROME BRUNSON in the following properties are hereby forfeited to the United States pursuant to Title 18, United States Code, Sections 1963 and 924(d), and Title 28, United States Code, Section 2641(c):

(1) Any interest Defendant acquired or maintained from the offense in Count 1 of the Indictment;

(2) Any interest in, security of, claim against, and property or contractual right to any kind of influence over any enterprise the defendant established, operated, controlled, conducted, or participated in the conduct of in violation of Title 18, United States Code, Section 1962; and

a. One (1) Glock, model 27, .40 caliber, SN: BBGG329 with Stream Light TLR-6 and a fifteen round Glock magazine;

b. Fifteen (15) rounds of ammunition;

c. Two (2) gold-colored necklaces;

d. Two (2) gold-colored chains;

e. One (1) pair of diamond-style earrings;

f. Two (2) diamond-style rings.

8. The aforementioned forfeited assets are to be held by the Federal Bureau Investigation in its secure custody and control.

9. Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and rights of third parties. The Court shall conduct ancillary proceedings as

the Court deems appropriate only upon the receipt of timely third-party petitions filed with the Court and served upon the United States. The Court may determine any petition without the need for further hearings upon the receipt of the Government's response to any petition. The Court may enter an amended order without further notice to the parties.

10. Pursuant to the Attorney General's authority under Section 853(n)(1) of Title 21, United States Code, Rule 32.2(b)(6), Fed. R. Crim. P., and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States forthwith shall publish for thirty (30) consecutive days on the Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of the United States' intent to dispose of the properties in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the above-listed forfeited properties must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

11. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the properties, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited properties and any additional facts supporting the petitioner's claim and the relief sought.

12. The United States shall also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the properties that are the subject of the Preliminary Order of Criminal Forfeiture, as a substitute for published notice as to those persons so notified.

13. Upon adjudication of all third-party interests, this Court will enter an Amended Order of Forfeiture pursuant to Title 21 U.S.C. § 853(n) as to the aforementioned assets, in which all interests will be addressed.

//

14. Pursuant to Rule 32.2(b)(4), this Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgement.

IT IS SO ORDERED.

DATED: November 19, 2024

Honorable Cynthia Bashant
United States District Judge